UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Eddie Curry, | ) | C/A No.: 0:05-2054-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Guardian Industries Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

This matter is before the court for review of the magistrate judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

I.      **Factual and Procedural Background**

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff Eddie Curry worked for defendant Guardian Industries Corporation's glass manufacturing plant for approximately two years before he was terminated for violating the company's harassment/ discrimination policy.  Plaintiff filed a charge with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC") in January 2005, alleging race discrimination and retaliation in violation of Title VII.  He received a right to sue letter on June 14, 2005 and timely initiated this action on July 20, 2005, asserting claims for race discrimination and retaliation.

Defendant filed a motion for summary judgment on July 17, 2006.  Plaintiff filed a memorandum in opposition on August 25, 2006, and defendant filed a reply on September 1, 2006. The magistrate judge filed a detailed and comprehensive Report on December 8, 2006, recommending that defendant's motion for summary judgment be granted as to the retaliation claim, but denied as to the discrimination claim.  Plaintiff and defendant filed their objections to the Report on December 27, 2006. Plaintiff also filed a reply to defendant's objections on January 8, 2007.

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the report and recommendation of the magistrate judge, together with the defendant's objections and the plaintiff's objections and reply, and the caselaw.  The court is of the opinion that further oral argument would not aid in the decisional process and that the recommendation of the magistrate judge to allow the discrimination claim to go forward to

trial should not be disturbed. Viewing the facts, evidence and inferences in the light most favorable to the plaintiff as it must, the court finds that there exist genuine issues of material fact under Fed.R.Civ.P. 56 such that the court cannot grant defendant's motion. As to the retaliation claim, the court finds there are no genuine issues of material fact, thereby entitling defendant to summary judgment.

**II.     Analysis**

    **A.     Race Discrimination Claim**

Plaintiff alleges defendant terminated him based on his race in violation of Title VII. Applying the McDonnell-Douglas[1] burden-shifting framework, the Magistrate judge found that plaintiff established a prima facie case of discrimination and that defendant articulated a legitimate, nondiscriminatory reason for terminating plaintiff. The Magistrate judge then found that plaintiff presented sufficient evidence that a jury could find defendant's articulated reason for his termination to be pretextual. Specifically, applying the summary judgment standard, the Magistrate judge found (1) that plaintiff denied using the "n" word, use of which was commonplace in the plant, yet no disciplinary action was ever taken against those using it, and (2) that there was a question of pretext as to the hearing. Defendant objects to the Report, arguing that plaintiff failed his ultimate burden of proving intentional discrimination. Defendant states that its good faith belief that plaintiff used the "n" word is sufficient to grant it summary judgment and that even if the hearing was less formal than plaintiff hoped, that fact provides no evidence of race discrimination. The court has

---

[1] McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973).

reviewed the record and finds that, in the light most favorable to plaintiff, there exists sufficient evidence in the record that other employees used the "n" word in front of supervisors without repercussion. Although the evidence of discrimination appears weak, at this stage of the proceedings, the court is constrained to deny defendant's motion for summary judgment on the discrimination claim.

### B.   Retaliation Claim

Plaintiff alleges defendant terminated him in retaliation for his objections to defendant's unlawful employment practices. The Report states that plaintiff failed to establish a prima facie case of retaliation by failing to demonstrate a causal connection between his complaints and his termination. Specifically, the magistrate judge found that plaintiff's complaints were all made more than a year before his termination. In his objections, plaintiff claims to have continually complained of allegedly differential treatment and policy violations up to his termination, but fails to cite to anything in the record for support of his contention. To the contrary, the court's review of plaintiff's deposition reveals the date of his last alleged protected activity was at least a year before his November 2004 termination. This lengthy time lapse between the protected activity and plaintiff's termination negates any inference that a causal connection exists between the two. <u>Dowe v. Total Action Against Poverty in Roanoke Valley</u>, 145 F.3d 653, 657 (4th Cir.1998). The court also rejects plaintiff's argument that he otherwise meets the causation element because he "only worked for the Defendant for a short time, two years and that during that time period [he] was injured twice and repeatedly complained of discrimination and policy

violations." Nowhere in his complaint or in his SCHAC charge does plaintiff alleged his injuries to have played a factor in his retaliation claim. Further, plaintiff has provided no other evidence demonstrating that his termination was linked in any way whatsoever to his complaints over a year earlier. Therefore, the court finds there are no genuine issues of material fact and that defendant is entitled to summary judgment on the retaliation claim.

**III.    Conclusion**

For the foregoing reasons, the report and recommendation of the magistrate judge is incorporated herein by reference and adopted as the order of this court. The plaintiff's and defendant's objections are overruled, and the defendant's claim for summary judgment is granted in part and denied in part.

The trial of the remaining claim for discrimination under Title VII shall occur during the March/April 2007 term of court. The parties will be seasonably notified of the date and time of the roster meeting.

IT IS SO ORDERED.

January 18, 2007                                             s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge